23-18-cv
*McCrary v. Rich*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand twenty-three.

Present:
> JOHN M. WALKER, JR.,
> DENNY CHIN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

───────────────────────────────────────────

JC McCrary,

> *Plaintiff-Appellant*,

> v.                                                                                          23-18

David Rich, Executive Director Nassau County Traffic and Parking Violation Agency,

> *Defendant-Appellee.*

───────────────────────────────────────────

For Plaintiff-Appellant:                    JC McCrary, pro se, Wallkill, NY.

1

For Defendant-Appellee:                    Robert F. Van der Waag, Samantha A. Goetz,
                                           Deputy County Attorneys, for Thomas A. Adams,
                                           Nassau County Attorney, Mineola, NY.


Appeal from a judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant JC McCrary, a state prisoner proceeding *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *District Judge*), entered on November 29, 2022, granting Defendant-Appellee David Rich's motion to dismiss McCrary's 42 U.S.C. § 1983 claims against him. McCrary claimed that Rich, the Executive Director of the Nassau County Traffic and Parking Violation Agency ("TPVA"), violated his constitutional rights to due process and access to judicial records by falsely representing that the TPVA could not locate or provide a traffic ticket that had been issued to a third party in 2005. McCrary previously sued Rich and another TPVA employee on similar grounds; we affirmed the dismissal of that suit because McCrary did not allege that he actually requested the traffic ticket and failed to show the TPVA employee's personal involvement. *See McCrary v. Marks*, 836 F. App'x 73, 73–74 (2d Cir. 2021) (summary order). McCrary's present complaint alleged that, after we affirmed the dismissal of the prior suit, he mailed letters to the TPVA requesting the ticket, only to be told that it did not exist—a position he claims is false. Relying on the prior adjudication, the district court dismissed the new complaint on claim

2

preclusion grounds. *See McCrary v. Rich*, No. 21-CV-3684(KAM)(ARL), 2022 WL 17253479, at \*5–7 (E.D.N.Y. Nov. 28, 2022). We assume the parties' familiarity with the case.

We review a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) *de novo*, determining whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 102 (2d Cir. 2022).[1] We draw all reasonable inferences from those facts in plaintiff's favor while disregarding "conclusory allegations or legal conclusions couched as factual allegations." *Id.* We review *pro se* submissions like McCrary's with "special solicitude," liberally construing them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and emphasis omitted).

## I. McCrary's claim is not precluded

Because McCrary's complaint is premised on a distinct incident arising *after* his previous lawsuit was dismissed, it is not barred by claim preclusion. The previous lawsuit was dismissed because McCrary failed to show that he requested the ticket, a defect he cured before filing the present lawsuit by submitting a request to the TPVA. The district court emphasized that McCrary's current claim depends upon the alleged contradiction between the TPVA's earlier litigation position and the TPVA employees' more-recent statements that the requested ticket could not be found. *See McCrary v. Rich*, 2022 WL 17253479, at \*6. But McCrary invokes the TPVA's litigation position only as evidence, not as an element of his claim. And, in any

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

3

event, that position did not "precede[] the first suit," as the TPVA adopted it "after" the earlier "lawsuit [had] commenced." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 501 (2d Cir. 2014). Thus, McCrary alleges post-judgment conduct sufficient to state an independent cause of action "without the need to incorporate facts that preceded the first suit," and so claim preclusion does not bar the present suit. *TechnoMarine*, 758 F.3d at 500.

## II. McCrary failed to state a claim

McCrary's current complaint, however, fails to state a claim upon which relief could be granted. *See Wells Fargo Advisors, LLC v. Sappington*, 884 F.3d 392, 396 n.2 (2d Cir. 2018) ("We are free to affirm on any ground that finds support in the record, even if it was not the ground upon which the trial court relied.").

To state a § 1983 claim, a plaintiff must establish that he was deprived of a right secured by the Constitution or federal law. *See Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Here, the central premise of McCrary's lawsuit, which is based on the denial of access to a third party's traffic ticket, is that two TPVA employees lied when they said that the ticket could not be located. But McCrary proffers only one reason why this response is "patently false," namely, that in the previous lawsuit, the TPVA had taken the litigation position that McCrary was not entitled to the ticket—not that the traffic ticket did not exist. Contrary to McCrary's argument judicial estoppel does not apply here, because there is nothing "clearly inconsistent" about arguing against an unfettered right of access and then, once that access is granted, informing a person that the information sought does not exist after a diligent search. *Cf. In re Adelphia Recovery Trust*, 634 F.3d 678, 697–98 (2d Cir. 2011).

4

Other than the TPVA's litigation strategy in the previous lawsuit, McCrary makes no allegations indicating that the TPVA employees' representations concerning the ticket were false, let alone that they were fraudulent. McCrary's claim of falsity, unsupported by additional facts, is conclusory and therefore inadequate to survive dismissal. *Cf. Madonna v. United States*, 878 F.2d 62, 65 (2d Cir. 1989) (affirming Rule 12(c) dismissal where the facts alleged, along with reasonable inferences in the non-moving party's favor, were insufficient to "show any fraud or misrepresentation by the government").

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5